<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GERARD PISCOPO,** | Civil Action No. 13-552 (ES) |
| **Plaintiff,** | **OPINION & ORDER** |
| v. | |
| **PUBLIC SERVICE ELECTRIC AND GAS COMPANY and BETH J. ACQUAIRE, Individually** | |
| **Defendants.** | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 28). Defendants are Public Service Electric and Gas Company ("PSE&G") and Beth Acquaire ("Acquaire") (collectively "Defendants"). The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court grants Defendants' motion to dismiss.

**I.  Factual Background and Procedural History**

Gerard Piscopo ("Plaintiff") is currently a Service Specialist at PSE&G and has been an employee with the company since 1986. (D.E. No. 26, Second Amended Complaint ("Second Am. Compl.") ¶¶ 1, 3). On June 16, 2009, PSE&G notified Plaintiff that he was being discharged for:

        a. Acceptance of cash from the customer and for work that is normally performed by the Company without charge;

    b. Unacceptable conduct exhibited towards occupants of the residence;
    c. Misuse of Company assets; and
    d. Falsification of Company time records.

(*Id.* ¶ 6). PSE&G advised Plaintiff that the discharge was in response to a customer complaint regarding a service call in Fall 2008 and Plaintiff's subsequent conduct. (*Id.* ¶ 7). PSE&G also informed Plaintiff that "'a comprehensive investigation' had ensued, including fact finding interviews." (*Id.*).

  Plaintiff's bargaining unit representative, the International Brotherhood of Electrical Workers, Local Union 94 ("Local 94"), appealed the discharge on his behalf. (*Id.* ¶ 8; D.E. No. 28-3, Ex. C, Arbitration Opinion ("Arb. Op.") at 1). PSE&G and Local 94 appeared for arbitration hearings (the "Arbitration") in May and June 2010 before Arbitrator Mattye M. Gandel. (Second Am. Compl. ¶ 8; Arb. Op. at 1). Plaintiff testified during the Arbitration. (Arb. Op. at 12 n.5).

  Pursuant to the Collective Bargaining Agreement between PSE&G and Local 94, PSE&G was permitted to discharge Plaintiff for "proper cause." (D.E. No. 28-3, Ex. B, Collective Bargaining Agreement ("Collective Bargaining Agr."), Article II, ¶ A).[1] Thus, the issue before the arbitrator was whether PSE&G had "proper cause to terminate" Plaintiff and whether Plaintiff was entitled to a remedy if PSE&G improperly terminated him. (Arb. Op. at 1).

  On July 15, 2010, the arbitrator rendered a decision in favor of Plaintiff, finding that PSE&G "did not have proper cause to terminate [him]." (*Id.* at 14; *see also* Second Am. Compl.

---

[1] The Court notes that, while Plaintiff's Second Amended Complaint refers to the Collective Bargaining Agreement and the Arbitration Opinion, those documents are not attached to the Second Amended Complaint. However, the Court properly considers the Collective Bargaining Agreement and the Arbitration Opinion, which Defendants attached to the third motion to dismiss, because these documents are "integral" to Plaintiff's allegations and "undisputedly authentic." *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *4 (D.N.J. Sept. 8, 2009); *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document").

¶ 10). The arbitrator ordered PSE&G to immediately reinstate Plaintiff to his former position and give him "back pay from the date of discharge to the date of reinstatement less any outside earnings and unemployment benefits." (Arb. Op. at 14; *see also* Second Am. Compl. ¶ 11). The Arbitration Opinion noted that "[b]oth parties were afforded full opportunity to present all the necessary proofs and evidence" and that "[a]ll witnesses were sequestered, sworn and subjected to direct and cross-examination and the parties closed orally at the hearing." (Arb. Op. at 1). According to Plaintiff, he did not receive the documents underlying the Arbitration Opinion "until March 2011 after several inquiries for the documents." (Second Am. Compl. ¶ 10).

Plaintiff alleges that, during the year he was unemployed, he was "forced to cash in his 401K plan in order to provide for basic life necessities" and thus incurred substantial fees and taxes. (*Id.* ¶ 16). During his discharge, PSE&G denied him unemployment benefits, which he challenged. (*Id.* ¶ 9). Plaintiff further alleges that, though he was awarded some back pay through the Arbitration, "the back pay did not include liquidated damages." (*Id.* ¶ 12). Plaintiff also asserts that he was "not awarded the pension and retirement contributions due to him," since PSE&G "failed to remit the required contributions to the fund for the benefit of the Plaintiff." (*Id.* ¶ 13). Plaintiff alleges that he attempted to access the pension plan's administrative procedures "on several occasions in late 2010 and subsequent years," but he was denied access and "was only told 'don't worry about it.'" (*Id.* ¶ 14). He further alleges that "exhaustion of administrative remedies would be futile," as he contacted PSE&G's Human Resources in early 2012 and again in March 2013, yet "[n]o documents were provided for Plaintiff to even attempt an administrative claim." (*Id.* ¶ 17). With respect to the investigation into his conduct, Plaintiff alleges that Defendant Acquaire "did not conduct a 'comprehensive investigation,'" but rather "made false assumptions not based in fact" throughout the investigation. (*Id.* ¶ 15).

Plaintiff filed the instant action in the Superior Court of New Jersey, Law Division, Hudson County on December 31, 2012. (D.E. No. 1, Ex. A). The action was removed to this Court on January 29, 2013. (D.E. No. 1, Notice of Removal). Defendants subsequently moved to dismiss the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(6), (D.E. No. 4), and the Court granted Defendants' motion on September 27, 2013, (D.E. No. 10 ("Sept. 27, 2013 Op.")). The Court dismissed with prejudice Plaintiff's claims under Count One (Breach of Contract), Count Two (Breach of Implied Covenant of Good Faith and Fair Dealing), and Count Three (Wrongful Discharge). (Sept. 27, 2013 Op. at 18). The Court dismissed without prejudice the remaining three counts, which alleged violations of the FLSA, NJWPL, ERISA, and intrusion upon seclusion. (*Id.*).

Plaintiff subsequently filed an Amended Complaint. (D.E. No. 15, Amended Complaint ("Am. Compl.")). On November 27, 2013, Defendants once again moved to dismiss the pleadings pursuant to Rule 12(b)(6). (D.E. No. 16). By Order dated June 30, 2014, the Court granted Defendants' motion. (D.E. No. 20). The Court dismissed with prejudice Plaintiff's NJWPL claims and dismissed without prejudice Count Three, as it related to Plaintiff's ERISA claim, and Count Four, which alleged intrusion upon seclusion. (*Id.*). The Court granted Plaintiff leave to file a Second Amended Complaint to cure any pleading deficiencies. (*Id.*). The Court's reasons for granting Defendants' second motion to dismiss are set forth in its accompanying Opinion. (D.E. No. 21 ("July 3, 2014 Op.")).

On August 25, 2014, Plaintiff filed the Second Amended Complaint, which asserts an ERISA claim and a claim for intrusion upon seclusion. (D.E. No. 26). On September 8, 2014, Defendants filed a third motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (D.E. No. 28).

**II.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks and alterations omitted). Although the pleading standard announced by Rule 8 does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

5

Furthermore, a district court deciding a motion to dismiss generally does not consider materials beyond the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011). An "exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory*, 114 F.3d at 1426 (alteration in the original and internal quotation marks omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

### III.   Analysis

#### A.   Count One: Violation of ERISA[2]

ERISA governs the rights and obligations of participants and beneficiaries of employee pension benefit plans. *See* 29 U.S.C. § 1321(a). Section 502(a)(1)(B) of ERISA allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 502(c)(1)(B) of ERISA "imposes liability for an administrator's violation of disclosure requirements found in other sections." *In re*

---

[2] Plaintiff alleges Count One as to PSE&G only.

6

*Wargotz v. NetJets, Inc.*, No. 09–4789, 2010 WL 1931247, at *5 (D.N.J. May 13, 2010).  In particular, Section 502(c)(1)(B) provides as follows:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c).  In the context of ERISA, the term "administrator" means "the person specifically so designated by the terms of the instrument under which the plan is operated" or, "if an administrator is not so designated, the plan sponsor," or "in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe."  29 U.S.C. § 1002(16)(A).

Section 503 of ERISA requires that every employee benefit plan "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."  29 U.S.C. § 1133(2).

In this case, Plaintiff alleges that, while he "was awarded some back pay through an arbitration decision," he "was not awarded the pension and retirement contributions due to him."  (Second Am. Compl. ¶¶ 13, 21-22).  Plaintiff asserts that he has standing to sue as a beneficiary pursuant to section 502(a) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  (*Id.* ¶ 22).  Plaintiff further alleges that "[o]n other days, and including September 8, 2011, Plaintiff requested information on the plan" and that "Section 502(c)(1)(B) of ERISA authorizes this Court to award a participant up to $110 per day for each [day] that certain requested documents have not been delivered."  (*Id.* ¶ 23b).  Additionally, Plaintiff alleges that PSE&G "failed to provide a 'full and fair review' of

the plan and otherwise failed to make disclosures in accordance with 29 U.S.C. § 1133," which corresponds to section 503 of ERISA. (*Id.* ¶ 23a).

As a preliminary matter, the Court addresses Plaintiff's allegation that PSE&G "failed to provide a 'full and fair review' of the plan and otherwise failed to make disclosures in accordance with 29 U.S.C. § 1133." (*See id.*). Plaintiff has not alleged any facts demonstrating that PSE&G failed to comply with section 503 of ERISA. This ERISA provision requires an employee benefit plan to "afford a reasonable opportunity to any participant whose *claim for benefits has been denied* for a full and fair review by the appropriate named fiduciary *of the decision denying the claim*." 29 U.S.C. § 1133(2) (emphasis added). While Plaintiff recites the statutory phrase "full and fair review," he merely alleges that he was denied a full and fair review of the plan itself. Plaintiff does not allege that he submitted an administrative claim for benefits and was deprived of a full and fair review of the decision denying that claim. Curiously, at one point in his Second Amended Complaint, Plaintiff alleges that "[t]he denials of Plaintiff's claims are unsupported by substantial evidence." (Second Am. Compl. ¶ 23). However, it is unclear what "denials" he is referencing, given that Plaintiff concedes he never filed an administrative claim for ERISA benefits. Indeed, Plaintiff alleges that "exhaustion of administrative remedies would be futile" and that "[n]o documents were provided for Plaintiff to even attempt an administrative claim." (*Id.* ¶ 17). Plaintiff cannot simultaneously allege that administrative exhaustion was futile and then assert that PSE&G failed to comply with procedures governing the denial of claims for benefits.

In any event, section 503 of ERISA does not confer a private right of action. *See Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 851 (3d Cir. 2011); *Ashenbaugh v. Crucible Inc.*, 854 F.2d 1516, 1532 (3d Cir. 1988) (noting "the general principle that an employer's or plan's failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy"); *see*

*also Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 13–03057, 2013 WL 5780815, at *9 (D.N.J. Oct. 25, 2013) ("[W]hile complying with § 503 may be 'probative of whether the decision to deny benefits was arbitrary and capricious,' § 503 itself does not provide an independent cause of action." (quoting *Miller*, 632 F.3d at 851)). Accordingly, Plaintiff's claim against PSE&G for failure to provide a full and review is dismissed with prejudice.

As to Plaintiff's section 502(a) ERISA claim for pension and retirement benefits, Plaintiff has presented the same threadbare allegations that the Court rejected in its past two opinions. In its September 27, 2013 Opinion, the Court dismissed Plaintiff's ERISA claim on several grounds, one of which was that Plaintiff did "not even allege any facts regarding the details of his pension benefit plan." (Sept. 27, 2013 Op. at 14). In its July 3, 2014 Opinion, the Court similarly explained that Plaintiff "does not present facts or evidence showing the provisions of the benefit plan upon which he relies on . . . . In fact, Plaintiff does not allege any facts regarding the details of his pension benefit plan whatsoever." (July 3, 2014 Op. at 13-14). Once again, Plaintiff has not pointed to any provision of a PSE&G benefit plan suggesting he is entitled to pension or retirement contributions nor has he alleged any facts about the plan.[3]

Like Plaintiff's past complaints, the conclusory statements contained in Plaintiff's Second Amended Complaint are nothing more than a formulaic recitation of the elements of an ERISA claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[C]onclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."); *Phillips*, 515 F.3d at 231 (noting that "a plaintiff's Rule 8 obligation to provide the grounds of his entitlement to relief requires more

---

[3] The Collective Bargaining Agreement acknowledges the existence of a pension plan, as it notes that the "Pension Plan of [PSE&G] . . . shall continue for the duration of this Agreement." (Collective Bargaining Agr. at 44). However, as with Plaintiff's previous complaints, the Second Amended Complaint does not mention any detail regarding this plan nor has Plaintiff attached a copy of the plan to any document submitted to the Court.

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (internal quotation marks and alterations omitted)). Accordingly, the Court dismisses Plaintiff's section 502(a) ERISA claim for failure to plead sufficient facts to state a claim for relief.[4]

Finally, with respect to Plaintiff's allegation that he is entitled to relief under section 502(c)(1)(B) of ERISA, Plaintiff is correct in asserting that this provision "authorizes this Court to award a participant up to $110 per day for each [day] that certain requested documents have not been delivered." (*See* Second Am. Compl. ¶ 23b). However, Plaintiff has failed to plead facts sufficient to state a cause of action under section 502(c)(1)(B). Previously, the Court dismissed this claim on the grounds that "Plaintiff does not allege anywhere that Defendant failed or refused to comply with the requests by not 'mailing the material . . . within 30 days after such request.'" (July 3, 2014 Op. at 12 n.8 (alteration in the original) (quoting 29 U.S.C. § 1132(c)(1)(B))). The Second Amended Complaint contains the same allegation as the prior complaint that "Plaintiff requested information on the plan." (Second Am. Compl. ¶ 23b; *see also* Am. Compl. ¶ 38b). However, unlike in the First Amended Complaint, Plaintiff now alleges that "PSE&G failed to provide documentation of the plan to Plaintiff, even when the union requested the same." (Second Am. Compl. ¶ 22). Nonetheless, Plaintiff's allegations are insufficient to state a claim for relief under section 502(c)(1)(B) of ERISA.

"To state a claim for relief under Section 502(c)(1)(B), a plaintiff must allege: (1) that he is a plan participant or beneficiary; (2) that he has made a written request to a plan administrator

---

[4] In its past decisions, the Court dismissed Plaintiff's section 502(a) ERISA claim primarily because Plaintiff did not plead sufficient facts to demonstrate that he exhausted his administrative remedies or could excuse himself from this requirement. The Court does not address whether the Second Amended Complaint now contains sufficient facts to satisfy the exception to the administrative exhaustion requirement. Even assuming that Plaintiff could be excused from exhausting his administrative remedies, he has failed to state a claim for relief under ERISA.

for information that falls within the purview of ERISA's disclosure requirements; and (3) that the plan administrator failed to provide the requested documents within thirty days of the written request." *In re Wargotz*, 2010 WL 1931247, at *3. Plaintiff does not allege that he sent a written request for information. Rather, he vaguely alleges that he "requested information on the plan." (Second Am. Compl. ¶ 23b).

Additionally, Plaintiff has not alleged sufficient facts demonstrating that PSE&G was a plan administrator and hence subject to liability under section 502(c)(1)(B). *See Mazzarino v. Prudential Ins. Co. of Am.*, No. No. 13–4702, 2015 WL 1399048, at *10 (D.N.J. March 26, 2015) ("For the purposes of assessing statutory penalties under Section 502(c)(1), claims are proper only as against the plan administrator."); *In re Wargotz*, 2010 WL 1931247, at *5 ("The disclosure provision in 29 U.S.C. § 1132(c), by its terms, applies to plan administrators."); *see also Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009) ("[L]iability under section 1132(c)(1) is confined to the plan administrator and [courts] have rejected the contention that other parties, including claims administrators, can be held liable for the failure to supply participants with the plan documents they seek."). Plaintiff conclusorily asserts that "Defendant PSE&G are administrators and fiduciaries of each plan and/or de facto under ERISA." (*See id.* ¶ 22). As noted above, the term "administrator" refers only to "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A). Plaintiff has not pled any facts indicating that PSE&G falls within this statutory definition. Accordingly, the Court dismisses Plaintiff's section 502(c)(1)(B) claim for failure to state a cause of action.

Plaintiff has already had two opportunities to amend his complaint. Because Plaintiff has repeatedly failed to cure the pleading deficiencies with his ERISA claims, allowing Plaintiff leave to file another amended complaint would be futile. Accordingly, the Court dismisses Count One of the Second Amended Complaint with prejudice.

### B. Count Two: Unreasonable Intrusion Upon Seclusion

The Court previously dismissed, without prejudice, Plaintiff's intrusion upon seclusion claim because the claim appeared to be time-barred. (July 3, 2014 Op. at 16-17). The Court allowed Plaintiff to amend his pleading another time to "plead the applicability of the tort and the accompanying timeline that will allow the claim to survive, or alternatively to be barred." (*Id.* at 17). As with the prior complaint, the Second Amended Complaint alleges that Defendants "conduct[ed] surveillance on Plaintiff without consent or knowledge." (Second Am. Compl. ¶ 41; Am. Compl. ¶ 41). Additionally, the Second Amended Complaint, like the prior complaint, alleges that "Defendants knowingly utilized third parties, including but not limited to Victoria Young," and that "Defendants utilized surveillance of Plaintiff's tele and/or wireless communications." (Second Am. Compl. ¶ 43; Am. Compl. ¶ 43).

The Second Amended Complaint sets forth a limited timeline of events. Plaintiff specifies that Defendants' surveillance "actions occurred in November, December 2008 through June 2009." (Second Am. Compl. ¶ 42). Furthermore, Plaintiff alleges that he "believes the intrusion into Plaintiff's seclusion and personal affairs started up again after his reinstatement to PSE&G in 2010." (*Id.*). He claims that he "became aware of the actionable tort when the information supporting the arbitration cause of action was made available to him in March 2011." (*Id.* ¶ 15; *see also id.* ¶¶ 10, 41).

Defendants again seek the dismissal of Plaintiff's intrusion upon seclusion claim and argue that this tort claim is time-barred. The Court agrees. Plaintiff's intrusion upon seclusion claim is governed by New Jersey's statute of limitations for personal injury actions, as set forth in N.J.S.A. § 2A:14-2. *See Rambauskas v. Cantor*, 138 N.J. 173, 182 (1994) (holding that two-year statute of limitations period applies to cause of action for intrusion on seclusion based on nature of tortious conduct such as stalking, surveillance, harassment, and threats of violence). An action for an injury to a person caused by a wrongful act must be commenced within two years of the accrual of the cause of action. N.J.S.A. § 2A:14–2(a). A cause of action generally accrues "from the date of the negligent act or omission." *Fahey v. Hollywood Bicycle Ctr., Inc.*, 386 F. App'x 289, 290 (3d Cir. 2010) (internal quotation marks omitted).

Plaintiff now alleges that he "believes the intrusion into Plaintiff's seclusion and personal affairs started up again after his reinstatement to PSE&G in 2010." (Second Am. Compl. ¶ 42). This unsubstantiated allegation is equivalent to an "upon information and belief" allegation that courts routinely reject. *See, e.g.*, *Woerner v. FRAM Group Operations, LLC*, No. 12–6648, 2013 WL 1815518, at *5 (D.N.J. Apr. 29, 2013) ("Plaintiff cannot survive a motion to dismiss by offering only conclusory, unsupported allegations made upon information and belief. Such allegations, without more, fail to demonstrate Plaintiff's plausible entitlement to relief."); *Advanced Oral Techs., L.L.C v. Nutrex Research, Inc.*, No. 10–5303, 2011 WL 1080204, at *4 n.6 (D.N.J. March 21, 2011) ("[M]any of Plaintiff's new paragraphs contain unsubstantiated charges made upon 'information and belief.' Allegations made upon information and belief—which are little more than conjecture and wishful thinking—have little hope of salvaging an otherwise defective complaint."). Plaintiff has set forth no factual basis for his belief that Defendants' tortious conduct resumed in 2010 following his reinstatement to PSE&G. Thus, the Court rejects

this allegation as conclusory.

Plaintiff's remaining allegation is that Defendants' surveillance actions occurred from November-December 2008 through June 2009. Plaintiff filed the instant lawsuit on December 31, 2012, more than three years after the investigation concluded. Moreover, Plaintiff should have become aware of the investigation at the May 2010 and June 2010 arbitration hearings or, at the latest, by July 15, 2010 when the arbitrator rendered her Opinion and Award. The arbitration hearings of May 2010 and June 2010, as well as the July 15, 2010 Arbitration Opinion, discussed the alleged investigation giving rise to Plaintiff's intrusion upon seclusion claim. (*See* Arb. Op. at 7-8, 10-11). Thus, Plaintiff's intrusion claim began to accrue on July 15, 2010 at the latest. Nonetheless, Plaintiff filed this lawsuit two years and five months after the arbitrator rendered her decision. Accordingly, Plaintiff's intrusion upon seclusion claim falls outside the two-year statute of limitations period, and the Court dismisses this untimely tort claim.[5] Because Plaintiff's claim is time-barred, any amendment would be futile, and thus the Court dismisses Count Two of the Second Amended Complaint with prejudice. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (affirming dismissal with prejudice, where claims were time-barred and amendment would be futile).

---

[5] Plaintiff attempts to revive his tort claim by asserting that he only "became aware of the actionable tort" in March 2011"when the information supporting the arbitration cause of action was made available to him" and he "was finally provided access to the information which demonstrated the actionable tort." (Second Am. Compl. ¶ 15; *see also id.* ¶¶ 10, 41). The Court previously rejected a similar assertion contained in Plaintiff's opposition brief to Defendants' second motion to dismiss. (*See* July 3, 2014 Op. at 16-17 ("[E]ven if this Court were to consider Plaintiff's facts offered in his opposition brief, Plaintiff's allegation is still unclear. Plaintiff states that he did not become aware of the information 'supporting the *arbitration* cause of action' until March 2011, but Arbitrator Gandel issued her opinion and award on July 15, 2010, eight months earlier.")). Once again, the Court is unpersuaded by Plaintiff's contention that he did not become aware of his tort claim until March 2011, given that the arbitration hearings in May and June 2010, as well as the July 15, 2010 Arbitration Opinion, discussed the investigation at issue.

14

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' 12(b)(6) motion and dismisses the Second Amended Complaint with prejudice.

Accordingly, it is on this 25th day of June 2015,

**ORDERED** that Defendants' motion to dismiss, (D.E. No. 28), is GRANTED and it is further

**ORDERED** that the Second Amended Complaint, (D.E. No. 26), is hereby dismissed *with prejudice*; and it is further

**ORDERED** that the Clerk of the Court shall mark this case CLOSED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**